# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Virginia M. Kendall | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 5867 | **DATE** | 4/16/2012 |
| **CASE TITLE** | Eugene Green vs. Randy Pfister et al | | |

**DOCKET ENTRY TEXT**

As the Court declines to equitably toll the statute of limitations, the State's Motion to Dismiss Green's Petition for Habeas Corpus as time-barred is granted and Green's Petition is dismissed. Green is denied a certificate of appealability.

■[ For further details see text below.]         Docketing to mail notices.

## STATEMENT

Petitioner Eugene D. Green filed a *pro se* Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, challenging his 2000 conviction for first degree murder. Respondent, the State of Illinois, moves to dismiss the Petition as time-barred. For the reasons set forth below, the Court dismisses Green's Petition for a Writ of Habeas Corpus.

Green was convicted of first degree murder after a jury found him guilty of killing his infant son on February 17, 1999. He was sentenced to thirty-five years in prison. On direct appeal, Green argued that the evidence was insufficient to prove his guilt. On May 3, 2002, the Illinois Appellate Court rejected Green's claim and affirmed his sentence. *See The People of the State of Illinois v. Eugene Green*, No. 3–00–0675 (Ill. App. Ct. 3d. May 3, 2002). Green did not file a petition for leave to appeal from the Illinois Appellate Court's judgement affirming his conviction. Therefore, Green's conviction became final twenty-one days after the entry of judgment by the appellate court. *See* Illinois Supreme Court Rule 315(b) (2002). On November 25, 2002, Green filed a postconviction petition in the Circuit Court of LaSalle County, which was superseded by an amended postconviction petition filed on December 13, 2007. *See People of the State of Illinois v. Green*, No. 99 CF 100 (Circuit Court, County of LaSalle, Dec. 13, 2007). The trial court denied Green's motion on June 30, 2008. *See People of the State of Illinois v. Green*, No. 99 CF 100 (Circuit Court, County of LaSalle, June 30, 2008). Green appealed to the appellate court, which affirmed the judgment of the trial court on March 25, 2010. *See The People of the State of Illinois v. Eugene Green*, No. 3–08–0599 (Ill. App. Ct. 3d. March 25, 2010). Green filed a petition for leave to appeal in the Illinois Supreme Court, which denied Green's postconviction petition for leave to appeal on September 29, 2010. *See People v. Eugene Green*, 237 Ill.2d 571 (Sept. 29, 2010).

Pursuant to § 2244(d), a one-year statute of limitations applies to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The one-year period runs from the latest of one of four dates: (1) the date on which the petitioner's judgment became final either by the conclusion of direct

**STATEMENT**

review or by expiration of the time for seeking direct review; (2) the date on which a state-created impediment to filing that was either unconstitutional or in violation of the laws of the United States was removed; (3) the date on which a new constitutional right was recognized by the Supreme Court, if that new right was made retroactively applicable to cases on collateral review; or (4) the date on which the factual predicate for the claims presented could have been discovered through the exercise of reasonable diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D). In this case, § 2244(d)(1)(A), the expiration of the time for seeking direct review by the state appellate court, applies to Green's claims.

Green's statute of limitations period to file his Petition began to run on May 24, 2002; twenty-one days after the Appellate Court's order of May 3, 2002, and the date upon which Green's time to file a petition for leave to appeal, or a notice of intent to file a petition to appeal, expired. *See* Illinois Supreme Court Rule 315(b) (2002). Green's conviction became final on May 24, 2002. When Green properly filed his petition for postconviction relief in the circuit court on November 25, 2002, 184 days had passed from the entry of final judgment in his case. These days count against Green's limitations period for filing a Petition for a Writ of Habeas Corpus, as the statute contains an express tolling provision: time during which a properly filed application for postconviction review is pending in state court is not counted when calculating the statute of limitations for § 2244 relief. *See* § 2244(d)(2); *see also Taliani v. Chrans*, 189 F.3d 597, 598 (7th Cir. 1999). Therefore, Green's limitations period was tolled pending the judgment on his application filed with the Circuit Court of LaSalle County on November 25, 2002, which was subsequently amended on December 13, 2007. *See* § 2244(d)(1)(A). Green's postconviction proceedings came to an end when the Illinois Supreme Court denied his petition for leave to appeal on September 29, 2010. *See People v. Eugene Green*, 237 Ill.2d 571 (Sept. 29, 2010). From this date, his statute of limitations clock resumed.

On August 18, 2011, Green filed the instant Petition on the grounds that: (1) trial counsel was deficient for failing to investigate Green's statements that he had neurosurgery in the past; (2) trial counsel was deficient for failing to investigate and discover the prior treatment of Green by Dr. Morris; (3) trial counsel was deficient for failing to properly investigate Green's past neurosurgery and his prior medical treatment; and (4) fundamental fairness requires the Court to find that trial counsel was ineffective. As explained above, Green's petition was due on or before March 30, 2011. *See* § 2244(d)(1)(A). Instead it was filed with the Court on August 18, 2011. It is therefore time-barred.

Notwithstanding Green's failure to timely file this Petition pursuant to the requirements of § 2244(d), the Court considers whether to equitably toll the deadline. The limitations period may be tolled if the petitioner can establish that he has been pursuing his rights diligently, and some extraordinary circumstance far beyond his control stood in the way of timely filing. *See Pace v. DiGuglielmo*, 544 U.S. 408, 418; *see also Williams v. Buss,* 538 F.3d 683, 685 (7th Cir. 2008) (noting that the "availability of equitable tolling for habeas corpus petitioners is dubious in this circuit."). While courts may equitably toll the statute of limitations period for petitioners under § 2244, they only do so in exceptional circumstances. *See Simms v. Acevedo*, 595 F.3d 774, 781 (7th Cir. 2010) ("Equitable tolling is granted sparingly only when extraordinary circumstances far beyond the litigant's control prevented timely filing.") (internal citations omitted); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006). As the Seventh Circuit has stated, "[e]quitable tolling is rarely granted. Indeed, we have yet to identify a petitioner whose circumstances warrant it." *Tucker v. Kingston*, 538 F.3d 732, 734 (7th Cir. 2008) (internal citations omitted). Green does not set forth any factual bases supporting extraordinary circumstances in his response to the States's Motion to Dismiss. He simply states that he thought he had more time to file his petition and that he has been diligently doing research up until the time he filed this Petition. Green has presented no reason for this Court to equitably toll the statute in his favor and therefore the Court declines to do so.

Unless the Court issues a certificate of appealability, an appeal may not be taken to the Court of Appeals from

**STATEMENT**

a district court's judgment in a habeas corpus proceeding where the allegedly unconstitutional acts complained of arise out of a process issued by a state court. *See* § 2253(c)(1)(A). Courts may only grant a certificate of appealability when the petitioner has presented "a substantial showing of the denial of a constitutional right." § 2253(c)(2). Where, as here, the Court dismisses a habeas petition on procedural grounds, a certificate of appealability is appropriate only if reasonable judges could reasonably disagree about whether the petitioner has shown the violation of a constitutional right, and about whether the procedural ruling was correct. *See Slack v. McDaniel*, 529 U.S. 473 (2000) ( "a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reasonable mind would find it debatable whether the district court was correct in its procedural ruling."). When it is clear that an obvious procedural defect bars the petitioner's case, then there is no room for reasonable judicial debate, and the petitioner should not be allowed to prosecute his case further in the Court of Appeals. *See Id.* at 484.

Counting the entry of judgment on his conviction as the date on which the statute of limitations began to run, Green's Petition was filed over 100 days after the expiration of the one-year limitations period provided by § 2244(d). As such, no reasonable jurist could conclude that the Court has erred in dismissing the petition as time-barred. The Court therefore denies Green a certificate of appealability because there is no reasonable argument that Green's petition is timely.

As the Court declines to equitably toll the statute of limitations, the State's Motion to Dismiss Green's Petition for Habeas Corpus as time-barred is granted and Green's Petition is dismissed. Green is denied a certificate of appealability.